REISSUED FOR PUBLICATION

AUG 02 2021

OSM

U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
Filed: April 30, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *      *
DAVID CARL LETNER,                        *      No. 20-1584V
                                          *
         Petitioner,                      *      Special Master Sanders
                                          *
v.                                        *
                                          *
SECRETARY OF HEALTH                       *      Dismissal; Untimely Petition;
AND HUMAN SERVICES,                       *      42 U.S.C. § 300aa-16
                                          *
         Respondent.                      *
*  *  *  *  *  *  *  *  *  *  *  *  *      *
```

David C. Letner, *pro se*, Lisbon, OH.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On November 6, 2020, David Carl Letner ("Petitioner") filed a *pro se* petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner stated that "[d]ue[] to influenza vaccine of 2013[,] I contracted [Guillain-Barré Syndrome ("GBS")] as a side[]effect to the vaccine shot, but never received diagnosis. I petition the Court for full evaluation examination to clarify my illness for further medical treatment." ECF No. 1 at 1.

On November 24, 2020, I ordered Petitioner to file medical records and a statement of completion. Initial Order at 1, ECF No. 8. Petitioner filed submissions, including an affidavit and records but not a statement of completion, on December 18, 2020 and February 8, 2021. ECF Nos. 10, 13. Petitioner's records include a record from the Bureau of Prisons that indicates that Petitioner received a flu vaccine on November 5, 2012. ECF No. 13 at 10; Resp't's Ex. A at 4, ECF No. 14-1. Listing the date as November 4, 2012, Petitioner stated in a handwritten note that this was the "vaccination that caused [him] to be admitted to Heartland Med. Hosp 12-05 2012[.]"

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

ECF No. 13 at 5; Resp't's Ex. A at 2. In his affidavit, Petitioner indicated that he received his flu vaccine in "Nov.-Dec. 2012" and "contracted [GBS] in Jan. 2013[.]" ECF No. 10 at 3, Resp't's Ex. A at 1.

On April 28, 2021, Respondent filed a motion to dismiss Petitioner's claim due to untimeliness. ECF No. 14 at 1. Respondent stated that "[a]lthough they are limited in nature, [P]etitioner's submissions to date strongly suggest that this claim was untimely filed." ECF No. 14 at 1. Respondent cited 42 U.S.C. § 300aa-16(a)(2), which states that "if a vaccine-related injury occurred as a result of the administration of a [vaccine listed in the Vaccine Injury Table], no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury[.]" ECF No. 14 at 2. Respondent noted that Petitioner's claim was also untimely filed when accounting for 42 U.S.C. § 300aa-16(b), which allows a petitioner to bring a claim within two years of a Table revision that makes the petitioner eligible for compensation or increases the likelihood that the petitioner will obtain compensation. ECF No. 14 at 2–3. According to that provision, Petitioner had until March 21, 2019, to file his petition. *Id.*; 42 C.F.R § 100.3 (2017); *see also* 82 Fed. Reg. 6294-01, 82 Fed. Reg. 11321-01.

Based on Petitioner's affidavit and other submissions, it is clear that he received the vaccine at issue in or around November 2012 and that the adverse effects he alleges manifested in or around December 2012 or January 2013. Pursuant to the Vaccine Act provisions referenced above, his November 6, 2020 petition was thus untimely filed. Therefore, this case must be **dismissed as untimely. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master